**UNITED STATES of America,
Appellee,**

v.

**Manuel CARRASCO–ABREU, also
known as Juan O. Perez,
Defendant–Appellant.**

No. 08–4420–cr.

United States Court of Appeals,
Second Circuit.

Oct. 20, 2009.

Richard T. Lunger, Assistant United States Attorney (Susan Corkery, Assistant

**660**

United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Marjorie M. Smith, Piermont, NY, for Defendant–Appellant.

PRESENT: WILFRED FEINBERG, DEBRA ANN LIVINGSTON, Circuit Judges, JOHN G. KOELTL, District Judge.*

## SUMMARY ORDER

Defendant–Appellant Manuel Carrasco–Abreu appeals from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), entered September 5, 2008, convicting him under 8 U.S.C. § 1326(a) pursuant to his conditional guilty plea of illegal reentry after deportation. He challenges the validity of his indictment on the grounds that he had not previously left the country under an order of deportation. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We review *de novo* the denial of a motion to dismiss an indictment. *United States v. Yannotti*, 541 F.3d 112, 121 (2d Cir.2008). The defendant argues that, because his 1991 immigration proceedings initially resulted in an order of voluntary departure rather than a deportation order, 8 U.S.C. § 1326(a), which covers aliens who "ha[ve] been denied admission, excluded, deported, or removed or ha[ve] departed the United States while an order of exclusion, deportation, or removal is outstanding," does not apply to him. We disagree.

Any alien who leaves the United States while under an order of deportation or removal is considered deported or removed for the purposes of the illegal reentry statute. 8 U.S.C. § 1101(g); *see Mrvica v. Esperdy*, 376 U.S. 560, 563–64 & n. 4, 84 S.Ct. 833, 11 L.Ed.2d 911 (1964). After an independent review of the record, we find for substantially the reasons given by the district court that the Immigration Judge's oral order of December 20, 1991, contained a grant of voluntary departure and an alternative order of deportation. Because the defendant did not appeal the order and failed to leave the country by April 20, 1992, the order of deportation became final. *See* 8 C.F.R. § 1241.31. Therefore, the defendant was removed from the country in 1997, and his indictment under 8 U.S.C. § 1326(a) was valid.

All arguments not otherwise discussed in this summary order are found to be moot or without merit.

For the foregoing reasons, the judgment of the district court is hereby affirmed.

---

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.